LAND, J.
This is a suit to annul a marriage celebrated on the 24th day of February, 1908, between the plaintiff and the defendant, by a Catholic priest, in the city of New Orleans. The alleged ground of nullity is that plaintiff’s consent to the celebration was produced by violence and threats used by certain male relatives of the defendant.
The defendant filed an exception of no cause of action, which was overruled, and then pleaded the general issue.
There was judgment in favor of the plaintiff annulling the marriage, and the defendant has appealed.
Early in the morning of February 24, 1908, the plaintiff was assaulted in his office by two armed relatives of the defendant, and was induced by violence and threats to consent to the celebration of a hasty marriage between himself and the defendant. Plaintiff, a young man 24 years old, was escorted by the two armed men to the house of the priest, thence to procure a marriage license and a wedding ring, thence to the church, and the escorts were present during the performance of the marriage ceremony. Then the parties separated; the plaintiff going to the house of his father. A month later the present suit was instituted.
The evidence raises not the slightest suspicion of any improper relations between the plaintiff and the defendant, and only an inference that there may have been a promise of marriage between the parties. The legal exclusion of the testimony of the husband and wife, and the failure of the two assailants to testify, leave gaps in the story, commencing with the assault on the plaintiff and terminating with the separation of the parties after the performance of the ceremony.
The contention of the defendant is that, the plaintiff having acquiesced to the marriage ceremony, the marriage was valid, although violence and threats were employed' in the beginning to coerce consent. This argument assumes that, after the assault on the plaintiff in his place of business, he reluctantly, but of his own free will, consented to wed the defendant. That the plaintiff seemingly acquiesced in the marriage ceremony is shown by the evidence. On the other hand, the plaintiff contends, and the judge-below so held, that this apparent consent was produced by the antecedent threats and violence employed to coerce the will of the plaintiff. This is a fair inference, as the two armed men constantly attended on the plaintiff until after the performance of the marriage ceremony. Plaintiff was separated from his friends, and was surrounded by the relatives of the defendant. The creators of the fear having been present throughout the transaction, it may be assumed that the fear-continued and produced the apparent acquiescence of the plaintiff in the marriage ceremony. The immediate separation thereafter of the contracting parties fortifies this conclusion.
The case of Collins v. Ryan, 49 La. Ann. 1710, 22 South. 920, 43 L. R. A. 814, cited by counsel for the defendant, differs widely in its facts from the case at bar. In that case, there was no open threat of violence or hostile demonstration, and, if the language used by the single relative contained an implied threat, it was not of such a nature as. to coerce the will of a man of ordinary firmness. Moreover, in Collins v. Ryan, the defendant had been seduced by the plaintiff, who, on being told that he had to marry her. *261 promised to do what was honorable, if given a little time. The court in that case properly held, we think, that the consent, while reluctant and passive, was not forced by threats or violence, but was rather the result of moral pressure. “It is not every degree of violence or every kind of threat that will invalidate a contract; they must be such as would naturally operate on a person of ordinary firmness, and inspire a just fear of great injury to- person, reputation or fortune.” Civ. Code, art. 1851. It is also textual law that “a contract, produced by violence or threats, is void, although the party, in whose favor the contract is made, did not exercise the violence or make the threats,” and was “ignorant of them.” Id. •art. 1852.
The law considers marriage in no other view than a civil contract. Civ. Code, art. 86. No marriage is valid to which the parties have not fully consented, and “consent is not free” “when it is extorted by violence.” Id. art. 91. Violence may be physical or moral; that is to say, it may consist of the coercion of the person continuing down to the moment of the celebration of the marriage, or of the coercion of the will by antecedent threats of bodily harm. In the latter case, the person is forced to elect between consenting to marry and exposure to the threatened evils. Such a forced consent does not bind the person who has been constrained to choose the alternative of marriage. Baudry-Lacantinerie, Droit Civil, vol. 2, Nos. 1714, 1715.
The question whether the violence employed in a particular case is sufficient to annul the marriage is in its nature one of fact left entirely to the appreciation of the judge. Carpentier-Du Saint, Repertoire, etc., vol. 27, p. 328, No. 182.
We agree with the judge a quo that the violence employed in the instant case was sufficient to constrain the will of the plaintiff and to vitiate his consent to the marriage. '
Judgment affirmed.
PROVOSTY, J., takes no part, not having heard the argument.